SUPERSEDED BY POLICY #10029.2 "Enforcement Actions at or Focused on Sensitive Locations" (OCTOBER 24, 2011)



# Memorandum

HQ 807-P

| Subject | Date |
|---|---|
| Enforcement Activities at Schools, Places of Worship, or at funerals or other religious ceremonies. | MAY 17 1993 |

| To | From |
|---|---|
| District Directors<br>Chief Patrol Agents | Office of Operations |

**POLICY:**

It is a policy of the Service to attempt to avoid apprehension of persons and to tightly control investigative operations on the premises of schools, places of worship, funerals and other religious ceremonies.

**PROCEDURES:**

Enforcement operations which are likely to involve apprehensions on the premises of schools, places of worship, or at funerals or other religious ceremonies require advance written approval by the District Director or Chief Patrol Agent. Such actions are reportable under Operations Instructions (OI) 103.1(g) pertaining to reporting of incidents and unusual matters. Approval of an operation by a field office manager does not substitute for required headquarters authorizations for actions requiring such approval, e.g., 511 cases.

The Assistant District Directors, OIC, or Deputy Chief Patrol Agent, may approve inspections of records; preliminary investigative activities related to a specific individual or individuals which will not entail contact with the person under investigation; and similar activities at such locations when apprehensions will not be made.

For purposes of this policy, the term "schools" includes pre-schools; primary, secondary, and post-secondary schools (including colleges and universities); and other institutions of learning such as vocational or trade schools. "Places of worship" includes such institutions as churches, temples, and synagogues. "Other religious ceremonies" include grave site ceremonies and rosaries. The requirement for advance approval of operations in such locations should not be construed as tolerance for violations of the law by or on the premises of such institutions.

In determining the appropriateness of a proposed action, District Directors and Chief Patrol Agents shall consider the following:

SUPERSEDED BY POLICY #10029.2 "Enforcement Actions at or Focused on Sensitive Locations" (OCTOBER 24, 2011)

Page 2
District Directors
Chief Patrol Agents

- The availability of alternative measures which would achieve the enforcement objective (e.g., making the arrest off the premises);

- The importance of the enforcement objective in the context of Service priorities;

- Measures which can be taken to minimize the impact on operation of the school or place of worship;

- Whether the action has been requested or approved by managers of the institution involved.

Exceptions to this policy, e.g., local agreements to cover a specific situation or institution, must be approved in writing by the Associate Commissioner for Enforcement. Headquarters may also direct exceptions in such unusual situations as a declared national emergency by Presidential Executive Order or National Security Council directive, e.g., a mass alien influx or alien registration action.

When situations arise that do not permit written authorization prior to entry onto the premises of schools or places of worship, officers are expected to exercise good judgement concerning the appropriate action to take. Some situations will require the officer to proceed; in other instances entry onto the premises will not be appropriate. If exigent circumstances require a deviation from this policy, the matter must be reported immediately by the District Director or Chief Patrol Agent to the appropriate Assistant Commissioner. All field office managers must ensure that enforcement officers are well versed in and able to apply the criteria for exigent circumstances stated in the Service manual on *The Law of Arrest, Search, and Seizure for Immigration Officers* (M-69). Reports should explain the exigency requiring the officer's action, any steps which were taken to secure supervisory authorization in the absence of written approval (e.g., oral approval from supervisor), the seriousness of the suspected violation, whether the facility was in operation (e.g., were classes in session), and other pertinent facts.

Where operations covered by this policy are planned in advance, the general practice for Border Patrol officers requires that the operation will be conducted in plain clothes. However, under exigent circumstances, one of the factors that officers should consider is the likelihood that they will be identified as law enforcement officers; in such instances, the absence of a uniform may mitigate against continuing a pursuit.

SUPERSEDED BY POLICY #10029.2 "Enforcement Actions at or Focused on Sensitive Locations" (OCTOBER 24, 2011)

SUPERSEDED BY POLICY #10029.2 "Enforcement Actions at or Focused on Sensitive Locations" (OCTOBER 24, 2011)

Page 3
District Directors
Chief Patrol Agents

This directive does not affect the scope of authority of Service officers under the Immigration and Nationality Act, but is directed to the operational implementation of such authority. The requirement for approval in advance of such operations and actions on such premises should not be construed as an indication of tolerance for any violations of the law by anyone at or in charge of a school or a place of worship. This directive is an internal statement of procedure which does not confer any benefits upon nor impose any requirements upon anyone other than Service officers as a part of a uniform exercise of delegated authority.

James A. Puleo
Acting Associate Commissioner

Enclosure

SUPERSEDED BY POLICY #10029.2 "Enforcement Actions at or Focused on Sensitive Locations" (OCTOBER 24, 2011)