**SCOTT E. BRADFORD, OSB #062824**
United States Attorney
District of Oregon
**JOSHUA KELLER, NYSB #4297396**
Assistant United States Attorney
Joshua.Keller@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204-2936
Phone: 503.727.1000
    Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **PINEROS Y CAMPESINOS UNIDOS DEL NOROESTE, et al.,** | Case No. 6:25-cv-00699-AA |
| Plaintiffs, | **DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY** |
| **v.** | |
| **MARKWAYNE MULLIN, et al.,** | |
| Defendants. | |

## NOTICE

Defendants United States Department of Homeland Security ("DHS"); Markwayne Mullin, in his official capacity as Secretary of DHS; United States Immigration and Customs Enforcement ("ICE"); Todd Lyons, in his official capacity as Acting Director of ICE; United States Customs and Border Protection ("CBP"); and Pete Flores, in his official capacity as Acting Commissioner of CBP (collectively, "Defendants"), provide notice of the recent decision in *Fridley Public School District, et al. v. Mullin, et al.*, Case No. 26-cv-1023 (LMP/LIB) (D. Minn. May 6, 2026) (slip opinion attached).

*Fridley Public School District* involves a similar challenge to the 2025 DHS guidance regarding immigration enforcement activities near sensitive locations. The plaintiffs are two public school districts and an organization comprised of a number of local unions that advocates for public education in Minnesota. The court denied the plaintiffs' motion for a stay under Section 705 of the Administrative Procedure Act (APA) after concluding the plaintiffs are not likely to establish standing. *See* slip op. at 36-38. The court found the School District plaintiffs had failed to identify a cognizable harm that is traceable to the 2025 Guidance "rather than the broader increase in immigration enforcement[.]" *Id.* at 24; *see also* 28 (unclear that alleged injury "is traceable to the 2025 Guidance rather than the more generalized fears of the School Districts' students and their families about broader immigration enforcement policy changes and activity"); 31 (finding resources expenditures and diversions "are

**Page 1       Defendants' Notice of Supplemental Authority**

more accurately traced to a generalized increase in immigration enforcement activity"); 33 (same).

For similar reasons, the court found that the School District plaintiffs' alleged injuries "would not be redressed by reinstating the 2021 Guidance" because "whether DHS agents would engage in immigration enforcement activity at or near 'protected areas' under the 2021 Guidance was subject to the judgment and discretion of DHS officials . . . , as it is under the 2025 Guidance." *Id.* 24-25; *see also* 29 ("restoring the 2021 Guidance . . . would not have the legal effect of preventing any future immigration enforcement at or near schools and school bus stops"); 31 (concluding that "reinstating the 2021 Guidance would not redress th[e] expenditures" of resources because the "enforcement activity underlying the School Districts' claims was not precluded under the 2021 Guidance").

As for the union plaintiff, the court concluded the union lacked individual standing (also known as organizational standing) because the diversion of resources is not a cognizable harm and, even if the diversion of resources did constitute such a harm, "it is questionable whether it could be called 'fairly traceable'" to the 2025 Guidance and is not redressable for the same reasons the School Districts' alleged injuries are not redressable.  *Id.* at 32-33.

The court also found the union plaintiff lacked representational standing (also known as associational standing) because the belief that the government is "acting illegally" is insufficient to confer standing, *id.* at 34 (quoting *FDA v.*

**Page 2**      **Defendants' Notice of Supplemental Authority**

*Alliance for Hippocratic Med.* 602 U.S. 367, 381 (2024)), as are the fears of the union plaintiff's members that they may be exposed to enforcement activities at their schools, *id.* at 35 (citing *Laird v. Tatum*, 408 U.S. 1 (1972)).  In addition, the court found that the increased workloads of the union plaintiff's members was caused by the increase in immigration enforcement, not the 2025 Guidance. *Id.* at 36.  And the "emotional toll" the union plaintiff's members suffered "while helping students and their families process their fears related to DHS's enforcement activity" is insufficient to establish standing.  *Id.*

This Court should likewise deny the educational union plaintiffs' motion for a stay under Section 705 of the APA for lack of standing, and grant Defendants' motion to dismiss.

Respectfully submitted this 7th day of May, 2026.


SCOTT E. BRADFORD
United States Attorney
District of Oregon


/s/ *Joshua Keller*
JOSHUA KELLER
Assistant United States Attorney
Attorneys for Defendants


**Page 3        Defendants' Notice of Supplemental Authority**