STEPHEN W MANNING, OSB No. 013373
stephen@innovationlawlab.org,
smanning@ilgrp.com
INNOVATION LAW LAB
333 SW 5th Ave., Suite 200
Portland, OR 97204-1748
Telephone: +1 503-922-3042

JEHAN A. PATTERSON, D.C. No. 1012119*
jpatterson@cov.com
COVINGTON & BURLING LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: +1-202-662-5129

*Pro hac vice*

Full counsel list on signature page

# UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
**Eugene Division**

| | |
|---|---|
| PINEROS Y CAMPESINOS UNIDOS DEL NOROESTE; AUGUSTANA LUTHERAN CHURCH; OUR LADY OF GUADALUPE PARISH; SAN FRANCISCO INTERFAITH COUNCIL; WESTMINSTER PRESBYTERIAN CHURCH; NATIONAL EDUCATION ASSOCIATION; AMERICAN FEDERATION OF TEACHERS; AMY LOMANTO; HANNA MAE ANDERSON; LAUREN FONG; and CAROLINE KEATING MEDEIROS, <br><br> *Plaintiffs,* <br><br> v. <br><br> MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; TODD LYONS, in his official capacity as Acting Director of Immigration and Customs Enforcement; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; RODNEY S. SCOTT in his official capacity as Commissioner of Customs and Border Protection; U.S. CUSTOMS AND BORDER PROTECTION, <br><br> *Defendants.* | Case No. 6:25-cv-699-AA <br><br><br><br><br> **PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY** |

Plaintiffs submit this Response, regarding the flawed and inapplicable holding in *Fridley Public School District v. Mullin*, No. 26-cv-1023 (D. Minn. May 6, 2026) ("*Fridley*"), to

Defendants' Notice of Supplemental Authority ("Notice"). The District of Minnesota's holding in *Fridley* that plaintiffs lacked Article III standing, Notice, Attachment 1, Dkt. 157-1 at 26, 30–31, 36, stems from the incorrect premise that the Huffman Memorandum "did not change DHS's ability or authority to engage in enforcement activity at or near protected areas," *id.* at 21. That premise stands in stark contrast to both the "big difference" this Court recognized between the Huffman Memorandum and the Mayorkas Memorandum, Oral Argument Tr. ("Tr."), Dkt. 156, 47:23, and to Defendants' public statement that the Mayorkas Memorandum "*thwart[ed]* law enforcement in or near so-called 'sensitive areas'," *e.g.*, Reply to Opp. to Mot. to Dismiss, Dkt. 147 at 9–10 (modifications in original).

Indeed, as this Court recognized at oral argument—and as other courts have found, *see, e.g.*, *Philadelphia Yearly Meeting of Religious Soc'y of Friends v. U.S. Dep't of Homeland Sec.,* 25-cv-0243-TDC (D. Md. Feb. 3, 2026), Dkt. 66-1 at 8–9—the Huffman Memorandum "basically [took] away all the protective safeguards" of the Mayorkas Memorandum, Tr. 37:12–13, and replaced prior "guidance as to how to approach a sensitive area" with "whatever that supervisor above the 'boots on the ground' . . . deems appropriate in the moment," *id.* at 36:13–21. The Court therefore need not accept nor apply here *Fridley*'s conclusion that plaintiffs' injuries are neither traceable to the Huffman Memorandum nor redressable by a stay of the policy. *Compare Fridley* at 36 *with Philadelphia Yearly Meeting of Religious Soc'y of Friends v. U.S. Dep't of Homeland Sec.,* 767 F. Supp. 3d 293, 316 (D. Md. 2025) ("Where [plaintiffs] have concluded that the reduced attendance is caused by the 2025 Policy, and where it appears to have occurred only since the issuance of the 2025 Policy, DHS's attempts to contest the validity of this causal connection are not persuasive.") *and* Tr. 37:22–25 ("Under the terms of [the] Mayorkas [M]emorandum and the understanding of how that memorandum functioned, we didn't have

carte blanche raids into churches, hospitals, and schools. We didn't – none of this was – there's no record."); *see also Pablo Sequen v. Albarran,* 814 F. Supp. 3d 1005, 1022 (N.D. Cal. 2025) (plaintiff's likely detention sufficiently traceable to new policy permitting courthouse arrests).

*Fridley*'s analysis of the educators' union's organizational and associational standing likewise is of no persuasive import here.[1] Plaintiff AFT's organizational standing is based on actual declines in participation by members in its organizing activities at their worksites and direct harms to its core mission. *See* Amended Complaint ("Compl."), Dkt. 29, at ¶¶ 161–64 (asserting impacts on AFT's ability to carry out its mission and core activities, including decreased attendance at protests and demonstrations); Motion for Stay ("Mot. for Stay"), Dkt. 67 at 31–32 (discussing irreparable harm to AFT's pre-existing core organizing activities). These harms are occurring because the government's actions, just as in *Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982), "directly affected and interfered with" AFT's "core business activities." *Food & Drug Admin. v. All. for Hippocratic Med.*, 602 U.S. 367, 395–96 (2024) (upholding the context of *Havens Realty*). In contrast, *Fridley* found diversion of resources resulting in organization's staff "spending 'less time on their usual duties'" insufficient to establish standing. *Fridley* at 32.

Regarding associational standing, since the Huffman Memorandum withdrew the protections from enforcement that the Mayorkas Memorandum had afforded their workplaces, AFT's and NEA's members have had to shoulder new and more challenging burdens, stresses, and traumas in the course of carrying out their obligations to educate, treat, and keep students

---

[1] The other plaintiffs in *Fridley* are three public school districts that asserted standing theories inapplicable to the plaintiffs in this action. *Fridley* is of no relevance to this Court's assessment of the standing of the religious and interfaith organizations, labor unions, and individual plaintiffs.

and patients safe. *See, e.g.*, Compl. at ¶¶ 129–51, 165–70; Opp. to Mot. to Dismiss, Dkt. 63, at 1, 9, 14; Mot. for Stay at 9–17, 26–33. Impacts of this policy change on educators and healthcare providers include: implementing new protocols for responding to possible enforcement actions at schools and healthcare centers; academically supporting students who are distracted, disruptive, absent, or learning virtually; addressing students' and families' concerns and emotional distress about possible enforcement at school; redistributing duties of colleagues who are vulnerable to immigration enforcement; and managing their own fears and distress.[2] *Id.* These obligations and impacts are "specific present objective harm[s]" directly attributable to the Huffman Memorandum. *Fridley* at 35 (citing *Laird v. Tatum*, 408 U.S. 1, 14 (1972)).

The *Fridley* court's traceability analysis is further distinguishable by the fact that the *Fridley* plaintiffs' asserted harms were associated with a geographically and temporally limited surge. Here, by contrast, Plaintiffs' members span the nation and assert harms flowing directly from the nationwide rescission, beginning shortly after the Huffman Memorandum was issued and ongoing today. *See* Compl. at ¶¶ 56–203; Mot. for Stay at 13–23, 32–39. These harms include those caused by the type of overt public enforcement near sensitive locations that the Mayorkas Memorandum expressly limited. *Compare* Declaration of Benjamin T. Hickman, Dkt. 52, Ex. 3 at 4 ("To the fullest extent possible, any enforcement action in or near a protected area should be taken in a non-public area, outside of public view"), *with* Mot. for Stay at 13–15 (documenting instances of visible public enforcement activity at schools and hospitals).

---

[2] The allegations of "emotional toll" in *Fridley* are narrower than the extensive emotional and psychological injuries Plaintiffs suffer here. *Compare, e.g.*, *Fridley* at 36, *with* Tr. 32:23–34:6 *and* Mot. for Stay at 35–37. The Ninth Circuit has long found standing on such harms. *See e.g.*, *Chalk v. U.S. Dist. Court Cent. Dist. of Cal.*, 840 F.2d 701, 709–10 (9th Cir. 1988) (finding immediate "emotional and psychological . . . injury cannot be adequately compensated for by a monetary award after trial."); *Edmo v. Corizon, Inc.*, 935 F.3d 757, 797–98 (9th Cir. 2019).

For the reasons stated above, this Court should not find *Fridley* persuasive in ruling on

Plaintiffs' Motion for a Stay or the Defendants' Motion to Dismiss.

Dated: May 13, 2026                                     Respectfully submitted,

                                                       /s/ Jehan A. Patterson

STEPHEN W MANNING, OSB No. 013373          JEHAN A. PATTERSON, D.C. No. 1012119*
stephen@innovationlawlab.org,              jpatterson@cov.com
smanning@ilgrp.com                         STANLEY YOUNG, CA No. 121180*
RACHEL LANDRY, Mass. No. 713320*           syoung@cov.com
rachel@innovationlawlab.org                ANALESE BRIDGES, D.C. No. 90029992*
NELLY GARCIA ORJUELA, OSB No. 223308       abridges@cov.com
nelly@innovationlawlab.org                 EVAN CHIACCHIARO, D.C. No. 90037819*
JORDAN CUNNINGS, OSB No. 182928            echiacchiaro@cov.com
jordan@innovationlawlab.org                QUYEN T. TRUONG, D.C. No. 90010663*
INNOVATION LAW LAB                         qtruong@cov.com
333 SW 5th Ave., Suite 200                 COVINGTON & BURLING LLP
Portland, OR 97204-1748                    One CityCenter, 850 Tenth Street, NW
Telephone: +1 503-922-3042                 Washington, DC 20001-4956
                                           Telephone: +1-202-662-5129
Attorneys for Plaintiffs
                                           ESTHER H SUNG, Cal. No. 255962*
LUBNA A. ALAM, DC No. 982169*              esther.sung@justiceactioncenter.org
lalam@nea.org                              KAREN C TUMLIN, Cal. No. 234961*
KATHERINE E. LAMM, DC No. 1006319*         karen.tumlin@justiceactioncenter.org
klamm@nea.org                              HILLARY LI, Ga. No. 898375*
NATIONAL EDUCATION ASSOCIATION             hillary.li@justiceactioncenter.org
1201 16th Street NW                        LAURA FLORES-PERILLA, Cal. No.
Washington, DC 20036                       355645*
(202) 822-7035                             laura.flores-perilla@justiceactioncenter.org
                                           BRANDON GALLI-GRAVES, Tx. No.
 Attorneys for National Education Association  24132050*
                                           brandon.galli-graves@justiceactioncenter.org
DANIEL MCNEIL, D.C. No. 455712**           EMILY SATIFKA, Nj. No. 330452020*
dmcneil@aft.org                            emily.satifka@justiceactioncenter.org
CHANNING COOPER, Md. No. 1212110182*       JUSTICE ACTION CENTER
ccooper@aft.org                            PO Box 27280
AMERICAN FEDERATION OF TEACHERS            Los Angeles, CA 90027
555 New Jersey Avenue, N.W.                Telephone: +1 323-450-7272
Washington, D.C. 20001
Telephone: +1 202-879-4400                 Attorneys for Plaintiffs

Attorneys for American Federation of Teachers

*Pro hac vice*
**Pro hac vice applications forthcoming*