STEPHEN W MANNING, OSB No. 013373
stephen@innovationlawlab.org,
smanning@ilgrp.com
INNOVATION LAW LAB
333 SW 5th Ave., Suite 200
Portland, OR 97204-1748
Telephone: +1 503-922-3042
*Pro hac vice*
Additional counsel on last page

BRANDON GALLI-GRAVES, Tx. No. 24132050*
brandon.galli-graves@justiceactioncenter.org
JUSTICE ACTION CENTER
PO Box 27280, Los Angeles, CA 90027
Telephone: +1 323-450-7272

**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**
**EUGENE DIVISION**

PINEROS Y CAMPESINOS UNIDOS DEL NOROESTE; AUGUSTANA LUTHERAN CHURCH; OUR LADY OF GUADALUPE PARISH; SAN FRANCISCO INTERFAITH COUNCIL; WESTMINSTER PRESBYTERIAN CHURCH; NATIONAL EDUCATION ASSOCIATION; AMERICAN FEDERATION OF TEACHERS; AMY LOMANTO; HANNA MAE ANDERSON; LAUREN FONG; and CAROLINE KEATING MEDEIROS,

*Plaintiffs,*

v.

MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; DAVID VENTURELLA, in his official capacity as Acting Director of Immigration and Customs Enforcement; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; RODNEY S. SCOTT in his official capacity as Commissioner of Customs and Border Protection; U.S. CUSTOMS AND BORDER PROTECTION,

*Defendants.*

Case No. 6:25-cv-699-AA

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs respectfully submit this notice of supplemental authority to inform the Court of a recent decision in *Philadelphia Yearly Meeting of Religious Soc'y of Friends v. U.S. Dep't of Homeland Sec.*, No. 25-1512, 2026 WL 2409055 (4th Cir. Aug. 18, 2026) ("*Philadelphia Yearly*"), attached as Exhibit A. The Fourth Circuit affirmed the *Philadelphia Yearly* district court's preliminary injunction ordering DHS to respect prior protections against immigration enforcement actions at or near plaintiffs' houses of worship, becoming the first circuit court to address Defendants' rescission of protections for sensitive locations. The Fourth Circuit held that plaintiffs: (1) were likely to establish standing; (2) would likely succeed on the merits of their RFRA claim; (3) would likely suffer irreparable harm in the absence of an injunction; and (4) demonstrated that the balance of equities and public interest favored an injunction. *Id.*

On standing, the Fourth Circuit found that plaintiffs "easily meet the [injury-in-fact] requirement of the standing inquiry," *id.* at *6, because their declarations "cite[d] concrete instances of decreased attendance and specific statements from congregants indicating that they [we]re likely to stop attending the houses of worship because of the 2025 Policy, *id.* at *5; *see also* ECF No. 63 at 17, 20–21.[1]

The Fourth Circuit also rejected defendants' traceability arguments, which they repeat in this case. *Compare generally Philadelphia Yearly*, 2026 WL 2409055, *with* ECF No. 51 at 21–24. As to the "predictable effect" of the rescinded policy, the circuit court found that "even though the plaintiffs . . .[we]re not direct targets of the 2025 Policy," they had demonstrated that they would "be injured by the acts of third parties [immigrant congregants] reacting in

---

[1] All citations to the docket in this case reference the ECF-stamped page numbers rather than the internal document page numbers.

predictable ways in response to government action." *Philadelphia Yearly*, 2026 WL 2409055, at *7. The court also found that, unlike in *FDA v. Alliance for Hippocratic Medicine*, 602 U.S. 367 (2024), plaintiffs' theory of causation was "direct and straightforward"—"the 2025 Policy has discouraged, and will continue to discourage, immigrants from attending worship services, with the result that fewer congregants will attend and support the plaintiffs' communal worship." *Philadelphia Yearly*, 2026 WL 2409055, at *7. Finally, the Fourth Circuit found "no merit" in the government's assertion that plaintiffs' injuries stemmed from the administration's broader focus on immigration enforcement rather than the sensitive locations policy rescission itself. Instead, the Circuit noted, "the plaintiffs' declarations *expressly attribute* their decline in attendance, and their congregants' fear of attending services, to the 2025 Policy," *id.* at *8 (emphasis added), and DHS's own statement announcing the policy made clear it intended to conduct immigration enforcement at places of worship, *id.*, *see also* ECF No. 63 at 17, 20–21; ECF No. 156 at 7–9, 11.

The Fourth Circuit likewise held for plaintiffs on redressability, finding that even if enjoining the government's new sensitive locations policy "would not *completely* prevent immigration enforcement actions at or near the plaintiffs' houses of worship," it "would restore the guidelines that previously limited the circumstances under which enforcement activities at sensitive locations could occur," making it likely that "at least some of the immigrants[] who report that they will not visit houses of worship because of the new directive . . . will return to the plaintiffs' houses of worship." *Philadelphia Yearly*, 2026 WL 2409055, at *8 (emphasis added); *see also* ECF No. 63 at 25–26.

The Fourth Circuit also affirmed the district court's findings on plaintiffs' RFRA claim, irreparable harm, and the balance of equities and public interest. It found that plaintiffs were

likely to succeed on the merits of their RFRA claim (both that the new sensitive locations policy substantially burdened their free exercise of religion and was not the least restrictive means of furthering a compelling governmental interest), *compare Philadelphia Yearly*, 2026 WL 2409055, at *9–12, *with* ECF No. 63 at 34–44; that plaintiffs were likely to suffer irreparable harm from the rescission of protections for sensitive locations, *compare Philadelphia Yearly*, 2026 WL 2409055, at *12, *with* ECF No. 63 at 14–26; and that the balance of equities and the public interest weighed in favor of an injunction, rejecting the government's "blanket contention[s]" that the district court "intruded in the internal workings of DHS" and prevented it from "effectuating statutes enacted by representatives of its people," *Philadelphia Yearly*, 2026 WL 2409055, at *13 (cleaned up); *compare id.*, *with* ECF No. 144 at 4 (offering a two-sentence blanket remark).

Dated September 9, 2026

Respectfully submitted,

*/s/ Brandon Galli-Graves*

STEPHEN W MANNING, OSB No. 013373
stephen@innovationlawlab.org,
smanning@ilgrp.com
JORDAN CUNNINGS, OSB No. 182928
jordan@innovationlawlab.org
NELLY GARCIA ORJUELA, OSB No. 223308
nelly@innovationlawlab.org
INNOVATION LAW LAB
333 SW 5th Ave., Suite 200
Portland, OR 97204-1748
Telephone: +1 503-922-3042

STANLEY YOUNG, CA No. 121180*
syoung@cov.com
JEHAN PATTERSON, D.C. No. 1012119*
jpatterson@cov.com
ANALESE BRIDGES, D.C. No. 90029992*
abridges@cov.com
EVAN CHIACCHIARO, D.C. No. 90037819*

BRANDON GALLI-GRAVES, Tx. No. 24132050*
brandon.galli-graves@justiceactioncenter.org
ESTHER H SUNG, Cal. No. 255962*
esther.sung@justiceactioncenter.org
KAREN C TUMLIN, Cal. No. 234961*
karen.tumlin@justiceactioncenter.org
HILLARY LI, Ga. No. 898375*
hillary.li@justiceactioncenter.org
LAURA FLORES-PERILLA, Cal. No. 355645*
laura.flores-perilla@justiceactioncenter.org
EMILY SATIFKA, Nj. No. 330452020*
emily.satifka@justiceactioncenter.org
JUSTICE ACTION CENTER
PO Box 27280
Los Angeles, CA 90027
Telephone: +1 323-450-7272

echiacchiaro@cov.com
MARIAM OLADIPO, D.C. No. 90028347*
moladipo@cov.com
QUYEN T. TRUONG, D.C. No. 90010663*
qtruong@cov.com
COVINGTON & BURLING LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: +1-202-662-5129

Attorneys for Plaintiffs

LUBNA A. ALAM, DC No. 982169*
lalam@nea.org
KATHERINE E. LAMM, DC No. 1006319*
klamm@nea.org
NATIONAL EDUCATION ASSOCIATION
1201 16th Street NW
Washington, DC 20036
(202) 822-7035

Attorneys for National Education Association

Attorneys for Plaintiffs

DANIEL MCNEIL, D.C. No. 455712*
dmcneil@aft.org
CHANNING COOPER, Md. No.
1212110182*
ccooper@aft.org
AMERICAN FEDERATION OF TEACHERS
555 New Jersey Avenue, N.W.
Washington, D.C. 20001
Telephone: +1 202-879-4400

Attorneys for American Federation of
Teachers

**Pro hac vice*